IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                    )
                                          )
THEDIA THI NGUYEN,                        )     Case No. 05-61498
                                          )
                    Debtor.               )

## MEMORANDUM OPINION

The Chapter 7 trustee objected to debtor Thedia Thi Nguyen's (Thedia) claim of a

homestead exemption. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which

the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1).  The

following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule

52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule

7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I will

overrule the trustee's objection.

## FACTUAL BACKGROUND

Thedia and her companion Hein Trach (Hein) purchased a home, legally described

as "LOT FOURTEEN (14), LINDON-SHERRY-SYCAMORE WELLS SUBDIVSION IN

THE CITY OF SPRINGFIELD, GREENE COUNTY, MISSOURI (the Homestead),  in

November of 1997. Thedia and Hein have never been legally married, but they have four

children. On June 3, 2005, Thedia filed this Chapter 7 bankruptcy petition. At the time of

filing she and two of the children were living with her mother, who lives one block away

from the Homestead. In her original bankruptcy filings, she claimed the Homestead as

exempt, but stated her intention to surrender it. Thedia returned to the Homestead in July of

2005, and has remained there ever since. The trustee objected to Thedia's claim of exemption. On September 28, 2005, this Court held a hearing. At the hearing, Thedia testified that she left the Homestead in January due to increasing conflicts with Hein related to a failed business.[1] She stated that she has left the Homestead for short periods of time in the past, but she always returns. She testified that she continued to sleep at the Homestead for two or three nights a week, and that the children slept there even more often. She stated that she never intended to abandon her homestead, and that she always intended to return. Hein testified that he owned the Homestead jointly with Thedia, even though he had made the down payment, and all of the monthly mortgage payments.

The parties agree that the Homestead is encumbered by a first and second Deed of Trust with total indebtedness of $69,063.91. Thedia claims the fair market value of the Homestead is $89,000. She presented an appraisal done on September 7, 2005, that values the Homestead at $90,000.[2] The trustee presented an appraisal, based upon comparable sales and a "drive-by" assessment, that valued the Homestead at $114,000.[3]

The trustee makes two arguments. First he claims that Thedia abandoned the Homestead, was not living in the Homestead when she filed, and did not intend to return at that time. Alternatively, he argues that, if she intended to return, as a co-owner, she is only

---

[1]According to the transcript of the § 341 meeting, Thedia operated an Asian food market until April of 2005. Much of her debt is related to this failed business venture.

[2]Pl. Ex. # 8.

[3]Pl. Ex. # 4.

2

entitled to claim one-half of the allowed homestead exemption. I begin with Thedia's intent.

DISCUSSION

The Bankruptcy Code (the Code) permits a state to opt out of the federal bankruptcy exemption scheme.[4] The State of Missouri has exercised this option.[5] Section 513.427 of Missouri's Revised Statutes provides that:

> Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d).[6]

In Missouri a debtor is allowed to claim as exempt from the claims of creditors a homestead with a value of $15,000:

> 1. The homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the value of fifteen thousand dollars, which is or shall be used by such person as a homestead, shall, . . . be exempt from attachment and execution. The exemption allowed under this section shall not be allowed for more than one owner of any homestead if one owner claims the entire amount allowed under this subsection; but, if more than one owner of any homestead claims an exemption under this section, the exemption allowed to each of such owners shall not exceed, in the aggregate, the total exemption allowed under this subsection as to any one homestead.[7]

A debtor's physical removal from her residence, however, constitutes prima facie evidence

---

[4] 11 U.S.C. § 522(b)(1).

[5] Mo. Stat. Ann. § 513.427 (2002).

[6] *Id.*

[7] Mo. Stat. Ann. § 513.475 (Supp. 2005).

of abandonment.[8] To rebut the presumption of abandonment, the debtor must demonstrate, through credible evidence, an intent to return.[9] Such an intent must have been formed at the time the debtor vacated the residence.[10] Conversely, a vague and indefinite intention to return at some future time under certain conditions is not sufficient to rebut the presumption of abandonment.[11] Thedia stated that she had left the Homestead for short periods of time in the past during domestic conflicts, but that she always went to her mother's home, that she always returned, and that she always knew she would return. She stated that, since her mother lived only one block away, even when she slept at her mother's home, she would return to her home during the day to care for the children. The trustee relies on *In re Maloney* to argue that Thedia did not intend to return.[12] In *Maloney,* the debtor, after her marriage, removed herself from her Missouri residence for 17 years.[13] Concluding that the debtor only demonstrated an intent to move back to her Missouri residence after her husband's death, the bankruptcy court held that debtor had abandoned her homestead in Missouri. The key fact was that the debtor could not demonstrate her intent to return to Missouri when she had left

---

[8]*Farris v. Farmington Production Credit Assoc. (In re Farris)*, 42 B.R. 388, 389 (E.D. Mo. 1984).

[9]*In re Schissler*, 250 B.R. 697, 400 (Bankr. W.D. Mo. 2000).

[10]*Id.*

[11]*Snodgrass v. Copple*, 111 S.W. 845, 846 (Mo. Ct. App. 1908).

[12]311 B.R. 525 (Bankr. W.D. Mo. 2004).

[13]The debtor acquired the residence in 1967 and lived in it for 20 years prior to her marriage in 1987. The debtor retained ownership of the residence during the next 17 years, and her son occupied the residence without signing a formal lease or paying rent.

4

the state 17 years earlier.[14] *Maloney* is easily distinguishable from this case. Thedia never left

the state. In fact, she never ventured more than one block. She slept away from the

Homestead for seven months, however, she returned to the Homestead each day. She testified

that she did not even spend every night at her mother's home. I find that Thedia left the

Homestead following a fight with Hein, as she had done in the past, but that she always

intended to return. She is, therefore, entitled to claim an exemption in her one-half interest

in the Homestead.

The second issue is whether Thedia is entitled to claim an exemption of $15,000, or

whether she is limited to one-half of that amount. Thedia and Hein own the Homestead as

tenants in common, and Thedia holds a one-half interest.[15]  The parties do not dispute that

Thedia's one-half interest is property of her bankruptcy estate.

In *Van Der Heide v. LaBarge (In re Van Der Heide)*,[16] the Eight Circuit ruled that a

debtor could only claim one half of the homestead exemption as to real estate he held as

tenants by the entirety with his non- filing spouse.[17] The Court also stated, however, that "[i]f

---

[14]*Id.* at 528.

[15]The Quit Claim Deed lists Hein and Thedia as "husband and wife." Pl. Ex. # 2. Since
both testified, however, that they were never legally married, they hold the Homestead as tenants
in common. *Snyder v. Snyder (Matter of the Estate of Mark E. Snyder)*, 880 S.W.2d 596, 599
(Mo. Ct. App. 1994) (stating that there must be a statement in the deed creating a specific
survivorship interest and that parties who hold as tenants in common are presumed to hold equal
undivided interests).

164 F.3d 1183 (8th Cir. 1999).

[17]*Id.* at 1186.

5

property is owned by more than one owner, a single owner can claim the entire [exemption] amount."[18] The Bankruptcy Appellate Panel for the Eighth Circuit (the BAP) relied on *Van der Heide* in *In re Abernathy*.[19] In *Abernathy* the debtor co-owned residential property with her two sisters. When she filed for bankruptcy relief, she claimed the entire exemption. The BAP found that there was no suggestion that one of the other joint tenants had claimed, or was going to claim the homestead exemption, therefore, by the plain language of the exemption statute, "if the property is owned by more than one owner, a single owner can claim the entire homestead amount."[20] In explaining the seeming conflict, the BAP distinguished joint tenancy and tenancy in common from tenants by the entirety. As a tenant in common, each tenant holds an undivided interest in the whole by separate and distinct title.[21] Unlike  tenants by the entireties property, which can only be held by husband and wife, and which can only be terminated or severed by the mutual action of the husband and wife, the interest of each tenant in common is subject to the claims of her creditors.[22] This distinction is significant, because, in the case of single filers, the whole of entireties property comes into the bankruptcy estate, while only the tenant in common's interest in the property

---

[18]*Id.* at 1184.

[19]259 B.R. 330 (B.A.P. 8th Cir. 2001).

[20]*Id.* at 333 (quoting *Vander Heide v. LaBarge (In re Van Der Heide)*, 164 F.3d 1183, 1186 (8th Cir. 1999).

[21]*Id.* at 336.

[22]*Id.* at 336.

becomes property of the bankruptcy estate.  And, in light of Hein's testimony that he has not filed for bankruptcy relief, that he has no creditors pursuing him, and that he is not contemplating filing for bankruptcy relief, I find that Thedia is entitled to claim the $15,000 Missouri homestead exemption in her one-half interest in the Homestead.

This Court has previously ruled that the trustee may sell jointly held property, if there is equity in the property and severing the interest is not practicable.[23] In that case, the non debtor joint tenant, who resided on the real estate, sought to claim a $15,000 homestead exemption in the undivided sales proceeds. This Court ruled that the trustee could sell the real estate, divide the proceeds, and that the non-debtor was entitled to claim his homestead exemption in his one-half interest. That ruling is not inconsistent with my ruling here. If the trustee elects to sell the Homestead, he must give Hein one-half of the proceeds, and Thedia is entitled to claim the entire homestead exemption in one-half of the proceeds, which would be property of the estate.

An Order in accordance with this Memorandum Opinion will be entered this date.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: October 6, 2005

---

[23]In re Robert Johan Simon and Katherine Ann Simon, Case No. 04-62441.